1  STEVEN M. SCHNEIDER (SBN 58241)
   sms@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendant
   COMMAND SECURITY CORPORATION,
6  doing business as CSC Security Services

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11  THAIS LOGAN, Individually and on        CASE NO. SACV11-00980-AG (JEMx)
    Behalf of Other Members of the Public
12  Similarly Situated,                     NOTICE OF REMOVAL OF CIVIL
                                            ACTION TO FEDERAL COURT
13                Plaintiff,

14       v.                                 (Removed from Orange County Superior
                                            Court Case No. 30-2011-00472660-CU-
15  COMMAND SECURITY                        OE-CXC; filed May 3, 2011)
    CORPORATION, doing business as
16  CSC SECURITY SERVICES, and             (Diversity Jurisdiction:  28 U.S.C.
    DOES 1-10,                              §§ 1332, 1441, and 1453)
17
                  Defendant.                [NOTICE OF INTERESTED PARTIES,
18                                          NOTICE OF RELATED CASES, CIVIL
                                            COVER SHEET, AND DECLARATION
19                                          OF ROBERT SAGGINARIO IN
                                            SUPPORT THEREOF FILED
20                                          CONCURRENTLY]

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3920618.1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

COPY

FILED
CLERK U.S. DISTRICT COURT

JUN 30 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  CENTRAL DISTRICT OF CALIFORNIA:

3       PLEASE TAKE NOTICE that the sole named defendant, Command

4  Security Corporation doing business as CSC Security Services ("Defendant")

5  hereby removes the above-entitled action from the Superior Court of the State of

6  California for the County of Orange to the United States District Court for the

7  Central District of California pursuant to 28 U.S.C. Sections 1332, 1441, and 1453.

8  Defendant removes on its own behalf on the grounds set forth below. The removal

9  of this action terminates all proceedings in the Superior Court for the County of

10  Orange pursuant to 28 U.S.C. § 1446(d). Defendant's removal of this civil action

11  is based on the following:

12

13                **The State Court Action**

14

15      1.     On May 3, 2011 Plaintiff Thais Logan ("Plaintiff"), on behalf of

16  herself and a putative class, filed a Complaint in the Superior Court of the State of

17  California for the County of Orange, entitled Thais Logan , Individually and on

18  Behalf of Other Members of the Public Similarly Situated, Plaintiffs, vs. Command

19  Security Corporation, doing business as CSC Security Services, and DOES 1

20  through 10, Inclusive, Defendants, which has been assigned Case No. 30-2011-

21  00472660-CU-OE-CXC (the "State Court Action"). On June 2, 2011, Defendant

22  was served with (i) a Summons; (ii) the Complaint; (iii) a civil case cover sheet;

23  (iv) a notice of case assignment for all purposes, notice of case management

24  conference and complex case, (v) notice re: bookmarking of exhibits on

25  electronically filed documents, (vi) notice of new procedures for expedited jury

26  trials in civil case, and (vii) an alternative dispute resolution information packet.

27  Defendant in the State Court Action also received a copy of Plaintiffs' Peremptory

28  Challenge Pursuant to Code of Civil Procedure Section 170.6; Declaration of

Mitchell
Silberberg &
Knupp LLP

3920618.1

1    Gregory Mauro in Support Thereof.  Defendant in the State Court Action also filed

2    its Answer to Unverified Complaint.  True and correct copies of the foregoing

3    documents, which constitute all of the process, pleadings, and orders received by

4    Defendant in the State Court Action, and, to Defendant's knowledge, all copies of

5    the process, pleadings, and orders filed in the State Court Action, are collectively

6    attached hereto as Exhibit 1.  See 28 U.S.C. § 1446(a).

7

8    2.    Defendant is informed and believes that no "Doe" defendant has been

9    served with a Summons or the Complaint.  Accordingly, all named and served

10   defendants have joined in this Notice of Removal.

11

12   3.    Plaintiff filed the State Court Action on behalf of herself and a

13   putative class of "[a]ll persons who have been employed by Command Security

14   Corporation in a non-exempt security guard/officer position within the State of

15   California at any time between May 2, 2007 through the trial date."  Exhibit 1:

16   Complaint page 6, ¶ 31.  Plaintiff alleges that she and such putative class are

17   entitled to one hour's additional pay at the employee's respective regular rate of

18   compensation for each work day that an off duty meal period of at least 30

19   uninterrupted minutes was not provided, and also are entitled to one hour's

20   additional pay at such rate for each work day that a rest period of at least ten

21   uninterrupted minutes per four hours of work or major fraction thereon was not

22   provided (i.e., up to two such additional hours' pay per workday).  Exhibit 1:

23   Complaint pages 10-12, ¶¶ 44-50, and 51-57.  In addition, Plaintiff alleges that she

24   and such putative class are entitled to penalties under Labor Code Section 226 of

25   up to $4,000 per employee.  Exhibit 1: Complaint pages 12-13, ¶¶ 58-61.

26

27

28

Mitchell
Silberberg &
Knupp LLP

3920618.1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## **Removal Pursuant To The Class Action Fairness Act**

4.     This Court has original jurisdiction over the State Court Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1332(d) and 28 U.S.C. Section 1453.  As more specifically set forth below:  (a) the State Court Action is a proposed "class action" as defined in 28 U.S.C. Section 1332(d)(1)(B); (b) all members of the proposed class in the State Court Action are citizens of a state (California) different from the state where Defendant (the sole served defendant) is a citizen (New York); and (c) the amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

*The State Court Action Is A Proposed Class Action*

5.     The State Court Action is a proposed "class action," defined by 28 U.S.C. Section 1332(d)(1)(B) as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  The Complaint alleges that the State Court Action is a class action under California law, specifically, California Code of Civil Procedure Section 382. Exhibit 1: Complaint pages 1-3 and 6-10, ¶¶ 1-7 and 31-43.

*Minimal Diversity*

6.     28 U.S.C. Section 1332(d)(2)(A) provides that, assuming the amount-in-controversy requirement is satisfied, federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

Mitchell
Silberberg &
Knupp LLP

3920618.1

7.     "An individual is a citizen of the state in which he is domiciled . . ." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citation omitted).  For purposes of diversity jurisdiction, citizenship is determination by the individual's domicile at the time that the lawsuit is filed.  Lew v. Moss, 797 F. 2d 747, 750 (9th Cir. 1986).

8.     Under CAFA, for purposes of determining diversity of citizenship, "a limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.' 28 U.S.C. § 1332(c)(1)."  Davis v. HSBC Bank Nevada, N.A., 557 F. 3d 1026, 1028 (9th Cir. 2009).

9.     Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test.  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010).  Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  Id.  The nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  Id. at 1184.  The Supreme Court emphasized in Hertz that the "nerve center test" should be one of "administrative simplicity."  Id.

10.     Here, "minimal diversity" exists, because the proposed class of plaintiffs are citizens of California, and Defendant (the sole served defendant) is a citizen of New York.

11.     Plaintiffs allege that all of the members of the proposed class were, as of the date of the filing of the Complaint in the State Court Action, working in

Mitchell
Silberberg &
Knupp LLP

3920618.1

4

California or have worked in California for Defendant since May 2, 2001.

Exhibit 1: Complaint, page 13 ¶ 1; see 28 U.S.C. § 1332(d)(7). The Complaint

defines the class as "[a]ll persons who have been employed by Command Security

Corporation in a non-exempt security guard/officer position within the State of

California at any time between May 2, 2007 through the trial date." Exhibit 1:

Complaint page 6, ¶ 31

12.     Defendant is, and as of the date of the filing of the Complaint in this

lawsuit was, a corporation organized and existing under the laws of New York.

Declaration of Robert Sagginario ("Sagginario Decl.") ¶ 3, filed concurrently with

this Notice of Removal.

13.     Defendant's principal place of business is, and as of the date of the

filing of the Complaint in this lawsuit was, New York, as established by the

following facts:

(a)     The headquarters and the principal nation-wide operations

center of Defendant are, and as of the date of the filing of the Complaint in this

lawsuit were, both located in New York. Sagginario Decl. page 2 ¶ 3.

(b)     Company-wide management decisions and policies are/were

made, day-to-day direction, control, and coordination of Defendant's business

is/was exercised, and the employees who perform(ed) administrative functions,

finance, strategy, information systems, legal, and communications work(ed) out of,

Defendant's headquarters and principal nation-wide operations center, both located

in New York. Sagginario Decl. page 2 ¶ 4.

1    14.    Under CAFA, minimal diversity is all that is required.  28 U.S.C.

2  § 1332(d)(2)(A) (federal district courts have original jurisdiction over class actions

3  in which "any member of a class of plaintiffs is a citizen of a State different from

4  any defendant").

5

6                              *Amount In Controversy*

7

8    15.    "In any class action, the claims of the individual class members shall

9  be aggregated to determine whether the matter in controversy exceeds the sum or

10  value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

11

12    16.    Here, the amount in controversy exceeds $5,000,000, exclusive of

13  interest and costs.  28 U.S.C. 1332(d)(2).

14

15    17.    As set forth in the Sagginario Decl., filed concurrently with this

16  Notice of Removal, even one-half of the additional pay sought by Plaintiff and the

17  putative class for allegedly untaken, unprovided or interrupted off duty meal

18  periods and rest periods in the putative class claim period from May 2, 2007

19  exceeds $5,000,000.  Sagginario Decl. pages 2-3 ¶¶ 58.

20

21    18.    In addition, Plaintiff alleges that she and the putative class are entitled

22  to Labor Code Section 226 penalties of up to $4,000 per class member, a claim that

23  would generate up to another $2,000,000 in alleged damages or penalties by

24  Plaintiff and the putative class.  Sagginario Decl. page 3 ¶ 8.

25

26    19.    In addition, Plaintiff and the putative class seek attorneys' fees.

27  Exhibit. 1: Complaint page 15 ¶ 13; see Lowdermilk v. United States Bank Nat'l

28

Mitchell
Silberberg &
Knupp LLP

3920618.1

6

1    Assoc., 479 F. 3d 994, 1000 (9th Cir. 2007) (attorneys' fees may be considered in

2    calculating amount in controversy for purposes of diversity jurisdiction).

3

4        20.    Moreover, while there is no uncertainty about the alleged damages or

5    penalties sought by Plaintiff and the putative class in this case, "[when] a federal

6    court is uncertain about whether 'all matters in controversy' in a purported class

7    action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court

8    should err in favor of exercising jurisdiction over the case." Yeroushalmi, 2005

9    U.S. Dist. LEXIS 39331, *19 (quotation marks and citations omitted).

10

11        *There Are No Applicable Exceptions To Jurisdiction Under CAFA*

12

13        21.    None of the exceptions to this Court's original jurisdiction under 28

14   U.S.C. § 1332(d) apply to the State Court Action:[1]

15

16        (a)    The so-called "local controversy" exception (28 U.S.C.

17   Section 1332(d)(4)(A)) does not apply.  Defendant, the sole served defendant, is

18   not a citizen of California, the state in which the State Court Action was originally

19   filed.

20

21        (b)    The so-called "home-state controversy" exception (28

22   U.S.C. Section 1332(d)(4)(B)) does not apply.  Again, Defendant, the sole served

23

24   [1] Defendants allege these facts for purposes of completeness, but are under no
     obligation to do so.  Proof that the exceptions to this Court's original jurisdiction
25   under 28 U.S.C. Section 1332(d) do not apply is not part of a removing defendant's
     prima facie case.  Serrano v. 180 Connect, Inc., 478 F. 3d 1018, 1023 (9th Cir.
26   2007).  A party seeking remand bears the burden to prove the exceptions.  See id.
     at 1024 (once the prima facie elements for removal have been shown, "the
27   objecting party bears the burden of proof as to the applicability of any express
     statutory exception under §§ 1332(d)(4)(A) and (B)").
28

Mitchell
Silberberg &
Knupp LLP

3920618.1

7

1    defendant, is not a citizen of California, the state in which the State Court Action

2    was originally filed.

3

4         22.    The exceptions contained in 28 U.S.C. Section 1332(d)(5) do not

5    apply.  Defendant, the sole served defendant is not a State, a State official, or other

6    government entity, and the proposed class is more numerous than 100 members.

7    Sagginario Decl., page 3 ¶ 6.

8

9              **Removal Pursuant To 28 U.S.C. Section 1332(a)**

10

11        23.    As an independent and alternative ground for removal, this Court has

12   original jurisdiction over the State Court Action pursuant to 28 U.S.C. Section

13   1332(a), on the basis that: (a) "complete diversity" exists, as the Plaintiffs and all

14   of the members of the proposed class are citizens of California, and Defendant, the

15   sole served defendant, is a citizens of New York (see ¶¶ 7-14, supra); (b) the

16   amount in controversy on the Plaintiff's' claims alone are in excess of $75,000,

17   exclusive of interest and costs, as against Defendant; and (c) this Court has

18   supplemental jurisdiction over the claims of the remaining putative class members,

19   including those whose claims may be less than the jurisdictional minimum.  Exxon

20   Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 549, 566-567, 125 S. Ct. 2611,

21   2615, 2625, 162 L. Ed. 2d 502, 514-515, 525-526 (2005).  Accordingly, in addition

22   to removal pursuant to CAFA, Defendant is entitled to removal pursuant to 28

23   U.S.C. Sections 1332(a) and 1441(a).

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3920618.1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Complete Diversity*

24.    28 U.S.C. Section 1332(a)(1) provides that, assuming the amount-in-controversy requirement is satisfied, federal district courts have original jurisdiction over actions between "citizens of different States."

25.    As explained above "complete diversity" exists, as the Plaintiffs and all of the members of the proposed class are citizens of California, and Defendant, the sole served defendant, is a citizens of New York (see ¶¶ 7-14, supra).

*Amount In Controversy*

26.    Assuming complete diversity is satisfied, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

27.    "[T]he claims of unnamed class members in a diversity class action need not satisfy the amount-in-controversy requirement." Gibson v. Chrysler Corp., 261 F. 3d 927, 934 (9th Cir. 2001). And, "there is supplemental jurisdiction over the claims of unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-controversy." Id. at 940.

28.    Of course, Defendant denies that, by any acts or omissions, it has violated any law, including but not limited the California statutes mentioned in the Complaint. However, for purposes of determining the amount in controversy herein, Plaintiff seeks an additional two hours pay per workday for allegedly untaken, unprovided or interrupted meal periods and rest periods.

Mitchell
Silberberg &
Knupp LLP

3920618.1

9

29.     Plaintiffs also seek attorneys' fees.  Exhibit 1: Complaint page 15 ¶ 13 of the Prayer.

30.     "'[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.'"  <u>Guglielmino v. McKee Foods Corporation</u>, 506 F. 3d 696, 700 (9th Cir. 2007) (citations omitted).

31.     Here, Plaintiff will almost certainly claim that she would incur more than $70,000 in attorneys' fees in prosecuting her claims, and also claim that she is entitled to $4,000 in Labor Code Section 226 penalties, in addition to seeking at least $3,800 for the alleged additional two extra hours of pay for each workday for untaken, unprovided or interrupted meal periods and rest periods.  The jurisdictional amount in controversy accordingly is met with respect to Plaintiff.

## **Procedural Requirements**

32.     This Notice of Removal is being filed within thirty (30) days after service of the Complaint on Defendant, the sole-served defendant, on June 2, 2011).  Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  <u>See Murphy Bros. v. Michetti Pipe Stringing</u>, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (finding time to remove begins from the date service is effectuated).

33.     The Superior Court of the State of California for the County of Orange is located in Orange County, which is embraced by the Southern Division of the United States District Court for the Central District of California.  Therefore, removal to the Central District, Southern Division, is proper.  28 U.S.C. section 1441(a).

Mitchell
Silberberg &
Knupp LLP

3920618.1

10

34.     A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Orange and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

35.     The undersigned has read this Notice of Removal, and, to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly to increase the cost of litigation.

36.     By this Notice of Removal Defendants do not admit that Plaintiffs' allegations have any merit whatsoever, and expressly reserve the right to challenge all such allegations on any and all grounds available.

WHEREFORE, Defendant, the sole-served defendant, hereby removes the above-entitled civil action from the Superior Court of the State of California for the County of Orange to this Court.

Dated: June 30, 2011

RESPECTFULLY SUBMITTED,

STEVEN M. SCHNEIDER
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Steven M. Schneider
Attorneys for Defendant
COMMAND SECURITY CORPORATION,
doing business as CSC Security Services

Mitchell
Silberberg &
Knupp LLP

3920618.1

11

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT 1



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMMAND SECURITY CORPORATION, doing business as CSC
SECURITY SERVICES, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THAIS LOGAN, Individually and
on Behalf of Other Members of the Public Similarly Situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/03/2011** at 10:16:58 AM
Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Orange County Superior Court, Civil Complex Center<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2011-00472880-CU-OE-CXC<br><br>Judge Gail A. Andler |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Hawkins, APLC; 9880 Research Drive, Suite 200, Irvine, CA 92618; Tel: 949 387-7200

DATE: 05/03/2011   ALAN CARLSON, Clerk of the Court    by _____ , Deputy
*(Fecha)*                                            *(Secretario)*  M.Nordman   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COMMAND SECURITY CORPORATION, doing business as CSC SECURITY SERVICES

   under: ☑ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT 1-0012

1   JAMES R. HAWKINS, SBN 192925
    GREGORY MAURO, SBN 222239
2   JAMES R. HAWKINS, APLC
    9880 Research Drive, Suite 200
3   Irvine, California 92618
    Telephone 949.387-7200
4   Fax 949.387-6676

5   Attorneys for Plaintiff THAIS LOGAN, Individually and
    on Behalf of Other Members of the Public Similarly Situated,

6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/03/2011** at 10:18:58 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           IN AND FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER

9   THAIS LOGAN, Individually and          )   Case No.   30-2011-00472660-CU-OE-CXC
10  on Behalf of Other Members of the Public )
    Similarly Situated,                     )   *Assigned for all purposes to:*
11                                          )
                Plaintiff,                  )
12                                          )   **CLASS ACTION PURSUANT TO**
                                            )   **CALIFORNIA CODE OF CIVIL**
13  vs.                                     )   **PROCEDURE §382**
                                            )
14  COMMAND SECURITY CORPORATION,           )   **COMPLAINT FOR:**
    doing business as CSC SECURITY          )
15  SERVICES, and DOES 1-10, inclusive,     )   **(1) FAILURE TO PROVIDE MEAL PERIODS;**
                                            )
16              Defendants.                 )   **(2) FAILURE TO PROVIDE REST PERIODS;**
                                            )
17                                          )   **(3) VIOLATION OF CALIFORNIA LABOR**
                                            )   **CODE §226;**
18                                          )
                                            )   **(4) UNFAIR COMPETITION.**
19
20                                              Judge Gail A. Andler
21  _____)

22

23

24      Plaintiff THAIS LOGAN ("Plaintiff"), individually and behalf of other members of the

25  public similarly situated allege as follows:

26                      I.   **GENERAL ALLEGATIONS**

27      1.      This is a Class Action brought pursuant to Code of Civil Procedures § 382 on behalf

28

_____

                            CLASS ACTION COMPLAINT

EXHIBIT 1-0013

of Plaintiff and all other persons similarly situated who have been who are or were employed in a non-exempt security guard/officer position by COMMAND SECURITY CORPORATION, doing business as CSC Security Services within the State of California. Plaintiff seeks relief on a collective and a class-wide basis challenging the unlawful business practices engaged in by Defendant COMMAND SECURITY CORPORATION, doing business as CSC SECURITY SERVICES, and DOES 1 through 10, inclusive (collectively "CSC" and/or "Defendants") of failing to pay the Plaintiff Class in accordance with California wage and hour laws.

2.     The "Class Period" is designated as the time from May 2, 2007 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing since that time.

3.     During the Class Period, Defendants have had a consistent policy of failing to authorize and permit members of the Plaintiff Class (including Plaintiffs) to take paid rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

4.     During the Class Period, Defendants have had a consistent policy of requiring members of the Plaintiff Class (including Plaintiffs) to work more than five (5) hours without providing them an uninterrupted, unrestricted meal period and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California sate wage and hour laws.

5.     During the Class Period, Defendants have had a consistent policy of failing to provide full and accurate itemized statement of wages paid to members of the Plaintiff Class (including Plaintiffs).

6.     Plaintiffs, on behalf of themselves and all proposed class members, bring this action pursuant to Labor Code §§ 201, 202, 204, 218.6, 226, 226.3, 226.7, 512, and California Code of Regulations, Title 8, Section 11040 seeking unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and as well as for reasonable attorneys' fees and costs, and such other relief as may be available, all according to proof at trial.

- 2 -
CLASS ACTION COMPLAINT

EXHIBIT 1-0014

7.     Pursuant to Business Code §§ 17200-17208, Plaintiff, on behalf of herself and all proposed class members, also seek injunctive relief and restitution of all benefits Defendants enjoyed as a result of the wage and hour violations alleged in this Complaint.

## II.   JURISDICTION AND VENUE

8.     This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

9.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

10.     This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

11.     This Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.  Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

12.     Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and the acts or omissions alleged herein took place in this County.

- 3 -
CLASS ACTION COMPLAINT

EXHIBIT 1-0015

## III. PARTIES

**A.   PLAINTIFF**

13.   This Class Action is maintained on behalf of a class of past and present employees of CSC who have been and/or now are employed as non-exempt security guards/officers within the State of California.

14.   During the Class Period, plaintiff Thais Logan ("Logan") is employed by CSC in a non-exempt security guard/officer position.

15.   In said position, Plaintiff was permitted to work and did work, during the Class Period, four (4) hours or a major fraction thereof, without being authorized and permitted to take a minimum ten minute paid rest period for every four (4) hours or a major fraction thereof worked, and without being compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not afforded.

16.   In said position, Plaintiff was and is permitted to work and did work, during the Class Period, shifts exceeding five (5) hours without being provided an uninterrupted, unrestricted meal period of not less than thirty (30) minutes, and without being compensated one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not afforded.

17.   Plaintiff was not paid the correct amount of wages due, as required under California law during the course of her employment with CSC. Plaintiff has been injured by the illegal practices and conduct alleged herein. Plaintiff's claims under California law are similar to and typical of the claims of the members of the Plaintiff Class.

**B.   DEFENDANTS**

18.   At all times relevant hereto, Defendant COMMAND SECURITY CORPORATION, doing business as CSC SECURITY SERVICES, and DOES 1 through 10, inclusive (collectively "CSC" and/or "Defendants") were business entities qualified to and doing business in the State of California.

19.   CSC directly or indirectly employs, and since May 2, 2007 has employed and/or exercised control over the wages, hours and/or working conditions of Plaintiff and members of the

- 4 -

CLASS ACTION COMPLAINT

EXHIBIT 1-0016

1    Plaintiff Class employed by CSC in non-exempt security guard/officer positions within California.

2         20.    Those Defendants identified as DOES 1 through 10, inclusive, are and were, at all

3    relevant times mentioned herein, officers, directors, partners, and/or managing agents of or more of

4    the other defendants. Plaintiff is informed and believes, and thereon alleges, that at all relevant

5    times mentioned herein, each of the Defendants identified as DOES 1 through 10, inclusive,

6    employed and/or exercised control over the wages, hours and/or working conditions of Plaintiffs

7    and members of the Plaintiff Class at various locations in California.

8         21.    The true names and capacities of those Defendants sued herein as DOES 1 through

9    10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious

10   names under Code of Civil Procedure § 474. Plaintiff is informed and believes and based thereon

11   alleges that each of the Defendants designated herein as a DOE is legally responsible in some

12   manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this

13   Complaint to reflect the true names and capacities of the Defendants designated hereinafter as

14   "DOES" when such identities become known.

15        22.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

16   acted in all respects pertinent to this action as the agent or employee of the other Defendants,

17   carried out a joint scheme, business plan or policy in all respects pertinent hereto, and therefore the

18   acts of each of the Defendants are legally attributable to the other Defendants. Defendants in all

19   respects acted as the Employer and/or joint Employer of Plaintiff and members of the Plaintiff

20   Class.

21                          IV.  **FACTUAL BACKGROUND**

22        23.    CSC hires hourly employees who work as security guards/officers throughout

23   California. These employees work in non-exempt positions and have not been provided paid "rest

24   periods" for work periods of four (4) hours or major fractions thereof, or off duty "meal periods"

25   for work shifts in excess of five (5) hours, and were not compensated one hour's wages in lieu

26   thereof.

27        24.    At all times relevant hereto, Plaintiff, and the members of the Plaintiff Class, were

28

- 5 -

CLASS ACTION COMPLAINT

EXHIBIT 1-0017

1   and are non-exempt employees within the meaning of the California Labor Code, and the

2   implementing rules and regulations of the California Wage Code ("IWC").

3        25.   Plaintiff, and the members of the Plaintiff Class, were regularly required to work in

4   excess of three and one-half (3½) hours without being permitted and authorized to take a paid rest

5   period and were regularly required to work in excess of five (5) hours per day, without being

6   provided an off duty meal period.

7        26.   CSC did not properly or fully compensate Plaintiffs for the failure to provide rest

8   periods and meal periods during the Class Period. CSC's requirement that Plaintiff work all hours

9   at the regular rate of pay and work through meal and rest periods without paying one (1) hour of

10  compensation for failure to provide rest or meal periods was willful and deliberate.

11       27.   CSC willfully failed to pay one (1) hour wages in lieu of rest and meal periods,

12  when each employee quit or was discharged.

13       28.   CSC willfully failed to provide itemized statements to security guard/officers

14  employees setting forth all meal and rest period premium wages.

15       29.   CSC has failed to comply with Industrial Welfare Commission ("IWC") Wage

16  Order 4-2001 by failing to maintain adequate time records showing when the employee began and

17  ended each meal period.

18       30.   Plaintiff is covered by California Industrial Welfare Commission Occupational

19  Wage Order No. 4-2001, 4-2000, 4-1998, California Industrial Welfare Commission in No. 4 (Title

20  8 California Code of Regulations §§ 11040, 11070) or other applicable Wage Order(s).

21                    V.   **CLASS ACTION ALLEGATIONS**

22       31.   Plaintiff brings this action as a Class Action pursuant to § 382 of the Code of Civil

23  Procedure, on behalf of herself and on behalf of all persons proximately damaged by CSC's

24  conduct, including, but not necessarily limited to, the following "Plaintiff Class":

25            **All persons who have been employed by Command Security**
             **Corporation in a non-exempt security guard/officer position within the**

26            **State of California at any time between May 2, 2007 through the trial**
             **date.**

27

28

EXHIBIT 1-0018

32.    Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

33.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

A.    NUMEROSITY

34.    A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the proposed class are so numerous that joinder of all members would be impracticable, if not impossible, in that insofar as Plaintiff is informed and believes, and on that basis alleges, that CSC currently employs hundreds of security guards/officers in California and has employed thousands of other security guards/officers during the Class Period. The identity of the members of the class is readily ascertainable by review of CSC's records.

35.    Accounting for employee turnover during the Class Period necessarily increases the number of potential class members substantially. Plaintiff is informed and believes, and thereon alleges, that CSC's employment records would provide information as to the number and location of all proposed class members. Joinder of all members of the proposed class is not practicable.

B.    COMMONALITY

36.    The subject matter of this action, both as to factual matters and matters of law is such that there are common questions of law and fact among the class which predominate over questions affecting only individual members including, among other things, the following:

a.    Whether CSC violated Labor Code § 226.7, the applicable IWC Wage Orders, and California Code Regulations, Title 8, Section 11040 by failing to authorize and permit Plaintiff and members of the Plaintiff Class to take paid rest periods for every four (4) hours or major fraction thereof worked and failing to compensate said employees one (1) hours wages in lieu of rest periods (and whether CSC's uniformly administered corporate policies and business practices encouraged the violation of said laws and regulations);

- 7 -
CLASS ACTION COMPLAINT

EXHIBIT 1-0019

1           b.     Whether CSC violated Labor Code §§ 226.7 and 512, the applicable IWC

2 Wage Orders, and California Code Regulations, Title 8, Section 11040 by failing to provide

3 Plaintiff and members of the Plaintiff Class meal periods on days they worked in excess of five (5)

4 hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods (and

5 whether Defendants' uniformly administered corporate policies and business practices encouraged

6 the violation of said laws and regulations);

7           c.     Whether CSC violated § 17200 *et seq.* of the Business & Professions Code

8 by failing to provide meal periods to Plaintiff and members of the Plaintiff Class;

9           d.     Whether CSC violated § 17200 *et seq.* of the Business & Professions Code

10 by failing to permit and authorize Plaintiff and members of the Plaintiff Class to take paid rest

11 periods;

12           e.     Whether CSC violated § 17200 *et seq.* of the Business & Professions Code

13 by failing to compensate Plaintiff and members of the Plaintiff Class one (1) hour's wages in lieu

14 of meal and/or rest periods;

15           f.     Whether Plaintiff and the members of the Plaintiff Class are entitled to

16 equitable relief pursuant to Business & Professions Code § 17200 *et seq.*;

17           g.     Whether CSC violated California Labor Code § 226 *et seq.* and all other

18 applicable Labor Code sections and Wage Orders, by failing to provide accurate itemized wage

19 statements by failing to include the meal and rest period premiums;

20 **C.    TYPICALITY**

21     37.     The claims of the Plaintiff are typical of the claims of the Plaintiff Class.  The

22 claims of Plaintiff and members of the Plaintiff Class arise out of and/or were caused by CSC's

23 common course of conduct in violation of laws, regulations that have the force and effect of law,

24 and statutes as alleged herein.

25 **D.    ADEQUACY OF REPRESENTATION**

26     38.     Plaintiff will fairly and adequately represent and protect the interests of the

27 members of the proposed class.  Counsel who represents Plaintiff is competent and experienced in

28

- 8 -
CLASS ACTION COMPLAINT

EXHIBIT 1-0020

1  litigating large employment class actions and there are no individualized defenses.

2  **E.    SUPERIORITY OF CLASS ACTION**

3       39.    A class action is superior to other available means for the fair and efficient

4  adjudication of this controversy.  Individual joinder of all proposed class members is not

5  practicable, and questions of law and fact common to the proposed class predominate over any

6  questions affecting only individual members of the proposed class.  Each member of the proposed

7  class has been damaged and is entitled to recovery by reason of CSC's illegal policy and/or

8  practice of denying members of the Plaintiff Class rest periods and meal periods without legal

9  compensation.

10      40.    Class action treatment will allow those similarly situated persons to litigate their

11  claims in the manner that is most efficient and economical for the parties and the judicial system.

12  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

13  action that would preclude its maintenance as a class action.

14      41.    The California Labor Code and Wage Order provisions upon which Plaintiff bases

15  her claims are broadly remedial in nature.  These laws and labor standards serve as an important

16  public interest in establishing minimum working conditions and standards in California.  These

17  laws and labor standards protect the average worker from exploitation by employers who may seek

18  to take advantage of superior economic and bargaining power in setting onerous terms and

19  conditions of employment.  The nature of this action and the laws available to Plaintiff and

20  members of the Plaintiff Class she seeks to represent make a class action format a particularly

21  efficient and appropriate procedure to redress the wrongs alleged herein.

22      42.    This action involves a large corporate employer that employs hundreds of security

23  guards/officers in the State of California each with a relatively small claim.  If each employee were

24  required to file an individual lawsuit, CSC would necessarily gain an unconscionable advantage as

25  it would be able to exploit and overwhelm the limited resources of each individual plaintiff with

26  CSC's vastly superior financial and legal resources.  Requiring each class member to pursue an

27  individual remedy would also discourage the assertion of lawful claims of employees who would

28

- 9 -
CLASS ACTION COMPLAINT

EXHIBIT 1-0021

1   be disinclined to file an action against their current/former employer for real and justifiable fear of

2   retaliation and permanent damage to their careers and subsequent employment.

3       43.   Prosecution of separate actions by individual members of the Plaintiff Class

4   identified herein, even if possible, would create a substantial risk of: (1) inconsistent or varying

5   adjudications with respect to individual class members against CSC which would establish

6   potentially incompatible standards of conduct for CSC; and/or (2) adjudications with respect to the

7   individual members of the Plaintiff Class identified herein which would, as a practical matter, be

8   dispositive of the interests of other class members who are not parties to the adjudication or which

9   substantially impair or impede the ability of the class members to protect their interest.

10  ### FIRST CAUSE OF ACTION

11  ### FAILURE TO PROVIDE MEAL PERIODS
    ### OR COMPENSATION IN LIEU THEREOF
12  (Against CSC and Does 1-10)

13      44.   Plaintiff repeats, realleges and incorporates herein by reference each and every

14  allegation set forth in all above paragraphs, as though set forth herein in full.

15      45.   At all relevant times, CSC was aware of and was under a duty to comply with

16  California Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial

17  Welfare Commission.

18      46.   Labor Code § 226.7 and the applicable Wage Orders of the Industrial Welfare

19  Commission provide that if an employer fails to provide a non-exempt employee with an

20  appropriate off duty meal period, the employer must pay the employee one (1) hour of pay at the

21  employee's regular rate of compensation for each work day that the meal period is not provided.

22      47.   Pursuant to the policies and business practices of CSC, members of the Plaintiff

23  Class, including Plaintiff, were not regularly provided adequate meal periods as required by

24  California law and were not compensated by CSC for each work day that adequate meal periods

25  were not provided.

26      48.   CSC failed to provide members of the Plaintiff Class, including Plaintiff, with

27  timely off duty meal periods of not less than thirty (30) minutes as required by the Labor Code

28

- 10 -

CLASS ACTION COMPLAINT

EXHIBIT 1-0022

1   during the Class Period.

2       49.     By failing to regularly provide timely uninterrupted and unrestricted meal periods,

3   during which members of the Plaintiff Class were relieved of all duty, CSC violated California

4   Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial Welfare

5   Commission.

6       50.     As a direct and proximate result of CSC's unlawful conduct, as set forth herein, the

7   members of the Plaintiff Class, including Plaintiff, are entitled to unpaid wages and interest

8   pursuant to statute, all in a sum to be established at trial.  As a further and direct result of CSC's

9   unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are

10  entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a

11  sum to be established at trial.

12                          **SECOND CAUSE OF ACTION**

13              **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS**
                **OR PROVIDE COMPENSATION IN LIEU THEREOF**
14                        (Against CSC and Does 1-100)

15      51.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation

16  set forth in all above paragraphs, as though fully set forth herein.

17

18      52.     At all relevant times, CSC was aware of and was under a duty to comply with

19  California Labor Code §§ 226.7, as well as the applicable Wage Orders of the Industrial Welfare

20  Commission.

21      53.     Labor Code § 226.7 and the applicable Wage Orders of the Industrial Welfare

22  Commission provide that if an employer fails to authorize and permit a non-exempt employee to

23  take an appropriate paid rest period, the employer must pay the employee one (1) hour of pay at the

24  employee's regular rate of compensation for each work day that the rest period is not provided.

25      54.     Pursuant to the policies and business practices of CSC, members of the Plaintiff

26  Class, including Plaintiff, were not regularly authorized and permitted by CSC to take adequate

27  rest periods as required by California law and did not receive compensation for each work day that

28  adequate rest periods were not authorized and permitted by CSC.

- 11 -

CLASS ACTION COMPLAINT

EXHIBIT 1-0023

55.   CSC failed to provide members of the Plaintiff Class, including Plaintiff, with timely rest periods of not less than ten (10) minutes per four (4) hours or major fraction thereof worked as required by the Labor Code during the Class Period.

56.   By failing to regularly provide uninterrupted rest periods, during which members of the Plaintiff Class were relieved of all duty, CSC violated California Labor Code § 226.7 as well as the applicable Wage Orders of the Industrial Welfare Commission.

57.   As a direct and proximate result of CSC's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to unpaid wages and interest pursuant to statute, all in a sum to be established at trial.  As a further and direct result of CSC's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

**THIRD CAUSE OF ACTION**

**FOR KNOWING AND INTENTIONAL FAILURE TO COMPLY
WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**
(Against CSC and Does 1-100)

58.   Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in all paragraphs above, inclusive, as though fully set forth herein.

59.   California Labor Code § 226(a) states that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing substantial detailed information, including but not limited to, all hours worked and all rates of pay.

60.   CSC failed to provide "accurate itemized statements" to employees because the wage statements failed to correctly state all items required by Labor Code § 226(a).

61.   Plaintiffs and the members of the Plaintiff Class were damaged by CSC's failure to comply with the requirements of Labor Code § 226, and allege that such violations were knowing and willful.  Pursuant to Labor Code § 226(e), Plaintiff and the members of the Plaintiff Class are

- 12 -

CLASS ACTION COMPLAINT

EXHIBIT 1-0024

entitled to recover the greater of actual damages or $50 for the initial violation and $100 per employee for each subsequent violation up to a total of $4,000, plus reasonable attorney fees and costs, all in amounts to be proven at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*
(Against CSC and Does 1-100)

62.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in all above paragraphs, inclusive, as though fully set forth herein.

63.     CSC has engaged in unfair business practices in California utilizing and engaging in an unlawful pattern and practice of failing to pay properly employee compensation as previously described herein, including without limitation by not providing adequate meal periods and rest periods.

64.     The acts complained herein occurred, at least, in part, during the Class Period.

65.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, CSC has engaged in unlawful, deceptive, and unfair business practices prohibited by the Labor Code and Business & Professions Code § 17200, *et seq.* as alleged in the proceeding paragraphs, thereby depriving Plaintiff and the members of the Plaintiff Class the minimum working standards and conditions due them under the labor laws of California and the Industrial Welfare Commission Wage Orders as described herein.

66.     CSC's use of such practices constituted and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over CSC's competitors in California.

67.     As a result of their unlawful acts and unfair business practices, CSC deprived Plaintiff and the members of the Plaintiff Class wages and benefits they legitimately earned and CSC has used these wages and benefits for its own use and advantage.  CSC should be enjoined from this activity and ordered to restore to Plaintiff and the members of the Plaintiff Class their lost wages and benefits.  The restitution includes all wages earned and unpaid, including interest thereon, all in an amount to be proven at trial.

- 13 -

EXHIBIT 1-0025

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for the following relief:

1.       That the Court determine that this action may be maintained as a class action or actions;

2.       That Plaintiff's attorneys be named class counsel;

3.       That the Court declare that Defendants' policies and practices violate California law, including but not limited to, the Labor Code;

4.       That the Court declare that Defendants' conduct as alleged herein violated Labor Code §§ 201, 202, 226, 226.7, and 512, the California Code of Regulations, Title 8, Section 11040, and the applicable Wage Orders;

5.       That the Court declare that Defendants engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq.*

6.       That the Court enter an order against Defendants for compensatory damages in an amount according to proof with interest thereon;

7.       That the Court enter an order against Defendants for economic and/or special damages in an amount according to proof with interest thereon;

8.       That the Court enter an order that each of the Defendants be ordered and enjoined to make restitution to the Class(es) due to their unfair competition, including specifically the restitution of all the wages and benefits wrongfully retained by Defendants, pursuant to California Business and Professions Code §§ 17203 and 17204;

9.       That the Court enter an order against each of the Defendants enjoining each of them from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

10.      That the Court enter an order against each of the Defendants enjoining each of them from further acts of restraint of trade or unfair competition;

11.      That the Court enter an order against Defendants for premium wages pursuant to Labor Code §§ 226 and 226.7 and all other applicable Labor Code Sections;

12.      That the Court enter an order against Defendants imposing all statutory and/or civil

- 14 -

EXHIBIT 1-0026

1  penalties provided by law;

2      13.    That the Court enter an order against Defendants awarding to Plaintiffs and the

3  members of the Plaintiff Class reasonable attorneys' fees, costs, and interest thereon;

4      14.    And all such other and further relief as the Court deems just and proper.

5                          **DEMAND FOR JURY TRIAL**

6      Plaintiff hereby demands a jury trial on all causes of actions and claims to which there is a

7  right to jury trial.

8

9  Dated: May 2, 2011

10                              JAMES R. HAWKINS, APLC

11                          By:

12                              JAMES R. HAWKINS
                                GREGORY MAURO
13                              Attorneys for Plaintiff THAIS LOGAN
                                and the Plaintiff Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -
CLASS ACTION COMPLAINT

EXHIBIT 1-0027

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregory Mauro, SBN 222239<br>JAMES HAWKIN, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-387-7200          FAX NO.:<br>ATTORNEY FOR *(Name):* Thais Logan | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**05/03/2011** at 10:16:58 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.,
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92617
BRANCH NAME: Civil Complex Center

CASE NAME:
Logan v. Command Security Corporation, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2011-00472660-CU-OE-CXC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Gail A. Andler<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
**4.** Number of causes of action *(specify):* 4
**5.** This case [✓] is  [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 2, 2011

Gregory Mauro
_____                    ►_____
        (TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT 1-0028

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 05/23/2011                    TIME: 03:07:00 PM          DEPT: CX102
JUDICIAL OFFICER PRESIDING: Gail A. Andler
CLERK: Mary White
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2011-00472660-CU-OE-CXC** CASE INIT.DATE: 05/03/2011
CASE TITLE: **Logan vs. Command Security Corporation**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71240080
EVENT TYPE: Chambers Work

---

**APPEARANCES**

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Case Management Conference is scheduled for 07/06/2011 at 09:00 AM in Department CX102.

Plaintiff shall, at least 5 court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

---

DATE: 05/23/2011                    MINUTE ORDER                    Page 1
DEPT: CX102                                                          Calendar No.

EXHIBIT 1-0029

 

CASE TITLE: Logan vs. Command Security Corporation     CASE NO: 30-2011-00472660-CU-OE-CXC

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on 23-MAY- 2011, at Santa Ana, California. ALAN CARLSON /EXECUTIVE OFFICER & CLERK OF THE SUPERIOR COURT, BY: M.WHITE deputy.

JAMES R HAWKINS
GREGORY MAURO
JAMES R HAWKINS, APLC
9880 RESEARCH DR, STE 200
IRVINE, CA 92618

| DATE: 05/23/2011 | MINUTE ORDER | Page 2 |
| DEPT: CX102 | | Calendar No. |

EXHIBIT 1-0030



# Superior Court of California
# County of Orange

**CIVIL MANAGEMENT**

CIVIL OPERATIONS
(657) 622-5300

January 14, 2011

## NOTICE RE: BOOKMARKING OF EXHIBITS ON ELECTRONICALLY FILED DOCUMENTS

Effective March 1, 2011, all electronically filed law and motion documents must have all exhibits bookmarked. Law and motion documents submitted on and after March 1 that are not bookmarked will be returned to the submitting party for correction.

Bookmarking electronic documents complies with California Rules of Court, rule 3.1110 (f).

EXHIBIT 1-0031



# Superior Court of California

## County of Orange

VIRGINIA DAVIDOW

CIVIL UNIT MANAGER

657-622-7555

## ATTENTION ALL ATTORNEYS AND LITIGANTS

### NEW PROCEDURES for EXPEDITED JURY TRIALS IN CIVIL CASES are available, effective January 3, 2011.

A Judicial Council Information Sheet is attached to your complaint.

Specific details about the new procedure can be found in California Code of Civil Procedure commencing with Section 630.01 and California Rules of Court, rules 3.1545 through 3.1552. If applicable, notify the court at your first Case Management Conference.

EXHIBIT 1-0032

## EJT-010-INFO    Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who is considering taking part in an **expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial. Taking part in this type of trial means you give up your usual rights to appeal. Please read this information sheet before you agree to have your case tried under the expedited jury trial procedures.**

This information sheet does not cover everything you may need to know about expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with your attorney. If you do not have an attorney, you should consult with one before agreeing to an expedited jury trial.

### ① What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one day. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 3 hours to put on all its witnesses, show the jury its evidence, and argue its case.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

- **All parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following an expedited jury trial except in very limited circumstances. These are explained more fully in ⑤.

### ② Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney whom the court appoints to act as a judge) will handle the trial.

### ③ Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ④ Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties who agree to take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ⑤ Why do I give up most of my rights to appeal?

To keep costs down and provide a faster end to the case, all parties who agree to take part in an expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;

- Misconduct of the jury; or

- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

➡

Judicial Council of California, www.courts.ca.gov
New January 1, 2011, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1552                    **Expedited Jury Trial Information Sheet**                    EJT-010-INFO, Page 1 of 2

EXHIBIT 1-0033

**EJT-010-INFO**   Expedited Jury Trial Information Sheet

### 6  How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials. The expedited jury trial rules set up some special procedures to help this happen. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need to take to the jury. The parties can agree to modify many of the rules that apply to trials generally or even to expedited jury trials (except for the four rules described in ① ).

### 7  Who can have an expedited jury trial?

The process can be used in any civil case that the parties agree may be tried in a single day. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to all the other rules in ① above. The agreements between the parties must be put into writing in a document called a Proposed Consent Order Granting an Expedited Jury Trial, which will be submitted to the court for approval. The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

### 8  Can I change my mind after agreeing to an expedited jury trial?

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial, that agreement is binding on both sides. After you enter into the agreement, it can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to an expedited jury trial.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

---

EXHIBIT 1-0034

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT 1-0035

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

EXHIBIT 1-0036

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

EXHIBIT 1-0037



often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**   Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE  program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

EXHIBIT 1-0038

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:              Bar No: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

EXHIBIT 1-0039

1  JAMES R. HAWKINS, SBN 192925
   GREGORY MAURO, SBN 222239
2  JAMES R. HAWKINS, APLC
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone 949.387-7200
4  Fax 949.387-6676

5  Attorneys for Plaintiff THAIS LOGAN, Individually and
   on Behalf of Other Members of the Public Similarly Situated,
6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          IN AND FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER

9
   THAIS LOGAN, Individually and          Case No.  30-2011-00472660-CU-OE-CXC
10 on Behalf of Other Members of the Public
   Similarly Situated,                    *Presiding Judge:*
11                                         David C. Velasquez
              Plaintiff,
12                                         **PLAINTIFFS' PEREMPTORY
                                           CHALLENGE PURSUANT TO CODE
13    vs.                                  OF CIVIL PROCEDURE SECTION
                                           170.6; DECLARATION OF GREGORY
14 COMMAND SECURITY CORPORATION,           MAURO IN SUPPORT THEREOF**
   doing business as CSC SECURITY
15 SERVICES, and DOES 1-10, inclusive,

16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

────────────────────────────────────────
              PREEMPTORY CHALLENGE [C.C.P 170.6]

EXHIBIT 1-0040

TO: PRESIDING JUDGE DAVID C. VELASUQEZ OF THE ABOVE ENTITLED COURT

 Counsel for Plaintiff, Thais Logan hereby assert that this case which has been assigned to Judge Gail A. Andler in Department CX-102, be re-assigned from that Judge, and that no matters hereinafter arising In this action be heard by Judge Gail A. Andler.  The Honorable Gail A. Andler is prejudiced against the interests of the Plaintiffs in this action.  This motion is based on Code of Civil Procedure section 170.6 and the supporting declaration of Gregory Mauro attached hereto and filed herewith.

 WHEREFORE, Plaintiffs pray that the relief herein requested be granted.

Dated: May 25, 2011

        JAMES R. HAWKINS, APLC

       By: /s/ Gregory Mauro
         JAMES R. HAWKINS
         GREGORY MAURO
         Attorneys for Plaintiff THAIS LOGAN
         and the Plaintiff Class

- 2 -

PREEMPTORY CHALLENGE [C.C.P 170.6]

EXHIBIT 1-0041

## DECLARATION OF GREGORY MAURO

I, Gregory Mauro, state and declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner with JAMES HAWKINS, APLC, attorneys of record for Plaintiff Thai Logan ("Plaintiff").  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated on information and belief.

2.     This declaration is made in accordance with Code of Civil Procedure section 170.6.

3      This case was assigned to Judge Gail A. Andler in Department CX-102 on May 3, 2011.

4.     The Honorable Gail A. Andler, the judge to whom the case or trial of the aforesaid action has been assigned, is prejudiced against Plaintiff or his attorneys, or the interests of Plaintiff or her attorneys, so that I believe that Plaintiff cannot have a fair and impartial hearing or trial before this judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of May, 2011 at Irvine, California.


                                          /s/ Gregory Mauro
                                          Gregory Mauro

- 3 -
PREEMPTORY CHALLENGE [C.C.P 170.6]

EXHIBIT 1-0042

1

**(PROOF OF SERVICE)**

2                                                                          )

3     STATE OF CALIFORNIA                              )

4     COUNTY OF ORANGE                                )

5                                                                          )
_____)

6

7     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a
party to the within action; my business address is 9880 Research Drive, Suite 200, Irvine,
California, 92618.

8

9     On May 27, 2011, I served the foregoing document described as, **PLAINTIFFS' MOTION FOR
PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE**

10    **SECTION 170.6; DECLARATION OF GREGORY MAURO** *on Interested Parties* by placing
a true and correct copy enclosed in a sealed envelope addressed as follows:

11

12    Command Security Corporation
c/o Corporation Service Company doing business as CSC Lawyers

13    Inc. Service (Agent for Service of Process)
2730 Gateway Oaks Dr., Suite 100

14    Sacramento, CA 95833

15    *Agent For Service of Process for Defendant*

16    **(XX)**    By mailing as follows: I am "readily familiar" with this firm's practice of collection and
processing correspondence for mailing.  Under the practice it would be deposited with the U.S.

17    Postal Service on the same day with postage thereon fully prepaid at Irvine, California in the
ordinary course of business.  I am aware that on motion of the party served, service is presumed

18    invalid if postal cancellation date or postage meter date is more than one day after date of deposit

19    for mailing.

20          Executed on May 27, 2011 at Irvine, California.

21          I declare under penalty of perjury under the laws of the State of California that the

22    foregoing is true and correct.

23

24                                      /s/ Crystal Vasquez
                                       Crystal Vasquez

25

26

27

28

- 4 -

PREEMPTORY CHALLENGE [C.C.P 170.6]

EXHIBIT 1-0043

1    MITCHELL SILBERBERG & KNUPP LLP
     STEVEN M. SCHNEIDER (SBN 58241)
2    11377 West Olympic Boulevard
     Los Angeles, California 90064-1683
3    Telephone: (310) 312-2000
     Facsimile: (310) 312-3100
4    E-mail: sms@msk.com

5    Attorneys for Defendant
     COMMAND SECURITY CORPORATION

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF ORANGE

10                 CIVIL COMPLEX CENTER

| | |
|---|---|
| 11   THAIS LOGAN, Individually and on Behalf of Other Members of the Public Similarly | CASE NO. 30-2011-00472660-CU-OE-CXC |
| 12   Situated, | Location:   Department CX-102 <br> Judge:     The Honorable Gail Andler |
| 13          Plaintiff, | **ANSWER TO UNVERIFIED COMPLAINT** |
| 14         v. | Filing Date:   May 3, 2011 <br> Trial Date:    None Set |
| 15   COMMAND SECURITY CORPORATION, doing business as CSC SECURITY | |
| 16   SERVICES, and DOES 1-10, inclusive, | |
| 17         Defendants. | |

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP
28

3904638.1

EXHIBIT 1-0044

1    Defendant COMMAND SECURITY CORPORATION ("Defendant"), for itself alone and

2    for no other defendant, answers the Complaint of Plaintiff THAIS LOGAN ("Plaintiff") by

3    admitting, denying, and alleging as follows:

4

5                                    **GENERAL DENIAL**

6

7    Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

8    Defendant denies, both generally and specifically, each and every allegation in the Complaint, and

9    specifically denies that Plaintiff or any putative member of any purported class or representative

10   action (hereinafter "putative class member") has been, is, or will be damaged in the amount

11   alleged, or in any manner or sum whatsoever, or is entitled to any recovery or remedy of any type

12   whatsoever, by reason of any of Defendant's acts, conduct, or omissions.

13

14                                 **AFFIRMATIVE DEFENSES**

15

16   Without waiving or excusing the burden of proof of Plaintiff or of any putative class

17   member, or admitting that Defendant has any burden of proof, or admitting that any of these

18   affirmative defenses are in fact affirmative defenses as to which Defendant bears the burden of

19   proof, as opposed to matters on which Plaintiff and the putative class member bear the burden of

20   proof,  Defendant asserts the following separate affirmative defenses.

21

22                              **FIRST AFFIRMATIVE DEFENSE**

23                             **[Failure to State a Cause of Action]**

24   1.    The Complaint, in whole or in part, fails to state facts sufficient to constitute a

25   cause of action brought on behalf of Plaintiff and/or any putative class member.

26

27

28

Mitchell
Silberberg &
Knupp LLP
3904638.1

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT 1-0045

## SECOND AFFIRMATIVE DEFENSE

### [Statutes of Limitations]

2.    Plaintiff's claims and the claims of each putative class member, or some of them, are barred in whole or in part by the applicable statutes of limitations, including without limitation, the limitations periods prescribed in *California Code of Civil Procedure* Sections 337(1), 338(a), 339(1), 340(a) and/or 343; and/or *California Business and Professions Code* Section 17208.

## THIRD AFFIRMATIVE DEFENSE

### [Excuse]

3.    Defendant's obligations, if any, were excused.

## FOURTH AFFIRMATIVE DEFENSE

### [Estoppel]

4.    Plaintiff's claims and the claims of each putative class member, or some of them, are barred, in whole or in part, because Plaintiff and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief from Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### [Laches]

5.    Plaintiff's claims and the claims of each putative class member, or some of them, are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

6.    Plaintiff's claims and the claims of each putative class member, or some of them, are barred, in whole or in part, by unclean hands and/or inequitable or wrongful conduct.

Mitchell
Silberberg &
Knupp LLP

3904638.1

EXHIBIT 1-0046

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### [Waiver]

3  7.  Plaintiff's claims and the claims of each putative class member, or some of them,

4 are barred, in whole or in part, because such claims have been waived, discharged and/or

5 abandoned.

6

7

## EIGHTH AFFIRMATIVE DEFENSE

8

### [Good Faith]

9  8.  Neither Plaintiff nor any putative class member is entitled to any penalty or

10 liquidated damages award, including, but not limited to any penalties or liquidated damages under

11 *California Labor Code* Sections 203, 210, 226, 226.3, and/or 226.7; the Industrial Welfare

12 Commission Wage Orders; *California Business and Professions Code* Sections 17200-17208

13 and/or penalties alleged in the Complaint, since, at all relevant times, Defendant acted in good

14 faith and had reasonable grounds for believing that it did not violate relevant laws or the specified

15 provisions.

16

17

## NINTH AFFIRMATIVE DEFENSE

18

### [Compliance With Legal Obligations]

19  9.  Defendant complied, or sought in good faith to comply, with all obligations under

20 the law.

21

22

## TENTH AFFIRMATIVE DEFENSE

23

### [Consent/Ratification]

24  10.  Plaintiff's claims and the claims of each putative class member, or some of them,

25 are barred, in whole or in part, by Plaintiff and putative class members' express or implied consent

26 to the conduct of which they complain and/or ratification of that conduct.

27

28

Mitchell
Silberberg &
Knupp LLP

3904638.1

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT 1-0047

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### [Lack of Willfulness]

3      11.     Neither Plaintiff nor any putative class member is entitled to any penalty or

4 liquidated damages award, including, but not limited to any penalties or liquidated damages under

5 *California Labor Code* Sections 203, 210, 226, 226.3, and/or 226.7; the Industrial Welfare

6 Commission Wage Orders; *California Business and Professions Code* Sections 17200-17208,

7 and/or penalties alleged in the Complaint, since, at all relevant times, Defendant did not act

8 willfully.

9

10

## TWELFTH AFFIRMATIVE DEFENSE

11

### [Unjust Enrichment]

12      12.     The imposition of any liability upon Defendant would unjustly enrich Plaintiff

13 and/or the putative class members.

14

15

## THIRTEENTH AFFIRMATIVE DEFENSE

16

### [On Duty Meal Periods]

17      13.     The first cause of action of the Complaint is barred, in whole or in part, since

18 Defendant has complied with the provisions of Title 8, California Code of Regulations, Section

19 11040 and the applicable Industrial Welfare Commission Wage Order concerning on duty meal

20 periods.

21

22

## FOURTEENTH AFFIRMATIVE DEFENSE

23

### [Release]

24      14.     Plaintiff's claims and the claims of each putative class member, or some of them,

25 are barred, in whole or in part, because such claims have been released in exchange for full and

26 adequate consideration.

27

28

Mitchell
Silberberg &
Knupp LLP

3904638.1

4

EXHIBIT 1-0048

1           **FIFTEENTH AFFIRMATIVE DEFENSE**

2                   **[Settlement]**

3       15.     Plaintiff's claims and the claims of each putative class member, or some of them,

4 are barred, in whole or in part, by any prior settlement of such claims.

5

6           **SIXTEENTH AFFIRMATIVE DEFENSE**

7            **[Accord and Satisfaction]**

8       16.     Plaintiff's claims and the claims of each putative class member, or some of them,

9 are barred, in whole or in part, by the doctrine of accord and satisfaction.

10

11          **SEVENTEENTH AFFIRMATIVE DEFENSE**

12        **[Res Judicata/Collateral Estoppel]**

13       17.     Each purported cause of action in the Complaint may be barred, in whole or in part,

14 by the doctrine(s) of res judicata and/or collateral estoppel.

15

16          **EIGHTEENTH AFFIRMATIVE DEFENSE**

17            **[Mitigation of Damages]**

18       18.     Plaintiff's claims and the claims of each putative class member, or some of them,

19 are barred, in whole or in part, because Plaintiff and each such putative class member have not

20 appropriately nor adequately mitigated their alleged damages.

21

22          **NINETEENTH AFFIRMATIVE DEFENSE**

23                **[Setoff]**

24       19.     If Plaintiff or any putative class member has sustained any damages, which

25 Defendant specifically denies, Defendant is entitled under the equitable doctrine of setoff and

26 recoupment to offset any monies paid by Defendant to Plaintiff and/or the putative class members

27 against any judgment that may be entered.

28

EXHIBIT 1-0049

## TWENTIETH AFFIRMATIVE DEFENSE

### [Unconstitutionality of Penalties or Punitive Damages]

20.     Neither Plaintiff nor any putative class member is entitled to recover any punitive or penal damages, such as the statutory penalties Plaintiff and the putative class members seek under *California Labor Code* Sections 203, 210, 226, 226.3, and/or 226.7; the Industrial Welfare Commission Wage Orders; or *California Business and Professions Code* Sections 17200-17208, because any award of such penalties or liquidated damages would, in general or under the facts of the particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Comparative Fault of Others]

21.     The alleged damages, injuries, and/or losses suffered by Plaintiff and/or the putative class members, if any, proximately resulted from the negligence or conduct of parties, persons, and/or entities other than Defendant, and the liability of Defendant, if any, is, as a result, altogether barred or limited in direct proportion to the percentage of fault or responsibility actually attributable to Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Comparative Fault of Plaintiff and Putative Class Members]

22.     Plaintiff's and putative class members' alleged damages, injuries, and/or losses, if any, were proximately caused and contributed to by the negligence or conduct of Plaintiff and putative class members, and, by reason thereof, any recovery by such Plaintiff or putative class members against Defendant is altogether barred or must be reduced by an amount equal to the

Mitchell
Silberberg &
Knupp LLP

3904638.1

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT 1-0050

1   proportionate fault or responsibility of such Plaintiff or putative class members pursuant to

2   applicable law.

3

4   ## TWENTY-THIRD AFFIRMATIVE DEFENSE

5   ### [Injunctive Relief Improper]

6       23.    Plaintiff's claims and the claims of each putative class member, or some of them,

7   for injunctive relief are barred, in whole or in part, because Plaintiff and each such putative class

8   member have an adequate and complete remedy at law and/or cannot make the other requisite

9   showings to obtain injunctive relief.

10

11   ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12   ### [Plaintiff/Putative Class Members Paid Statutorily-Required Compensation]

13       24.    Plaintiff's claims and the claims of each putative class member, or some of them,

14   are barred, in whole or in part, because at all relevant times, Plaintiff and each such putative class

15   member were paid any statutorily-required compensation in accordance with applicable law.

16

17   ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

18   ### [No Actual Injury]

19       25.    Each purported cause of action in the Complaint brought under *California Labor*

20   *Code* Section 226 is barred on the grounds that neither Plaintiff nor any putative class member

21   suffered any actual injury as a result of any alleged violation of Section 226 by Defendant.

22

23   ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

24   ### [Substantial Compliance]

25       26.    Defendant substantially complied with all obligations under the law.

26

27

28

Mitchell
Silberberg &
Knupp LLP

3904638.1

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT 1-0051

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Lack of Standing]

27.     Plaintiff's claims and the claims of each putative class member, or some of them, are barred, in whole or in part, for lack of standing.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [No Class Action or Representative Action]

28.     Plaintiff and the putative class members have failed to allege and cannot prove the facts and prerequisites necessary to the maintenance of either a class or representative action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Failure of Condition Precedent]

29.     Plaintiff's claims and the claims of each putative class member, or some of them, are barred, in whole or in part, by their failure to fulfill a condition precedent to Defendant's duty to perform.

## THIRTIETH AFFIRMATIVE DEFENSE

### [Arbitration as Exclusive Remedy]

30.     Plaintiff's claims and the claims of each putative class member, or some of them, are barred, in whole or in part, on the ground that their exclusive remedy for such claims is final and binding arbitration, and Plaintiff and the putative class members have failed to pursue or exhaust said arbitration procedure.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### [Failure to Exhaust Internal and/or Administrative Remedies]

31.     Plaintiff's claims and the claims of each putative class member are barred, in whole or in part, because they failed to exhaust available internal Defendant remedies and/or other available administrative remedies.

Mitchell
Silberberg &
Knupp LLP

3904638.1

8

EXHIBIT 1-0052

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2

### [Due Process]

3      32.     Each purported cause of action in the Complaint is barred to the extent that Plaintiff

4   or any putative class member alleges claims under California Labor Code Section 221 and/or

5   California Business and Professions Code Section 17200, et seq., since those claims violate the

6   rights of Defendant to substantive and procedural due process as provided under the United States

7   and California Constitutions on the grounds that the damages, if any, of Plaintiff and each putative

8   class member require complicated proof of numerous individualized issues, that serious

9   fundamental due process questions are raised, and that administrative proceedings available

10   through the California Department of Industrial Relations provide Plaintiff and the putative class

11   members with an inexpensive and effective remedy.

12

13

## THIRTY-THIRD AFFIRMATIVE DEFENSE

14

### [Invalid Regulations]

15      33.     The regulations and/or administrative interpretations (or some of them), which

16   form the basis for some or all of Plaintiff's and the putative class members' claims are invalid or

17   unconstitutional.

18

19

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

20

### [Reservation of Rights]

21      34.     Defendant does not presently know all of the facts and circumstances respecting

22   Plaintiff's and the putative class members' claims.  Defendant reserves the right to amend this

23   Answer should it later discover facts demonstrating the existence of additional affirmative

24   defenses.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3904638.1

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT 1-0053

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff and each putative class member take nothing by reason of the Complaint, and that the Complaint and each cause of action be dismissed with prejudice on the merits;

2.     That judgment be entered in favor of Defendant and against Plaintiff and against each putative member of any purported class or representative action;

3.     That Defendant be awarded reasonable attorneys' fees and costs of suit, as provided by law; and

4.     That the Court award Defendant such other and further relief as the Court may deem proper.

DATED: June 30 , 2011              MITCHELL SILBERBERG & KNUPP LLP
                                   Steven M. Schneider

                                   By: SEMSL
                                   _____
                                   Steven M. Schneider
                                   Attorneys for Defendant
                                   COMMAND SECURITY CORPORATION

Mitchell
Silberberg &
Knupp LLP

3904638.1

EXHIBIT 1-0054

1        **PROOF OF SERVICE**

2     STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3           I am employed in the county of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is Mitchell Silberberg & Knupp LLP,
4     11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

5           On June 30, 2011, I served a copy of the foregoing document described as **ANSWER TO
UNVERIFIED COMPLAINT** on the interested parties in this action at their last known address
6     as set forth below by taking the action described below:

7
      **Attorneys for Plaintiff THAIS LOGAN**
8
      James R. Hawkins, Esq.
9     Gregory Mauro, Esq.
      JAMES HAWKINS APLC
10    9880 Research Drive, Suite 200
      Irvine, CA  92618
11    Telephone:  949-387-7200
      Facsimile:  949-387-6676
12

13    ☒ **BY PLACING FOR COLLECTION AND MAILING:**  I placed the above-mentioned
         document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for
14       collection and mailing following ordinary business practices.  I am readily familiar with the
         firm's practice for collection and processing of correspondence for mailing with the United
15       States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service
         on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los
16       Angeles, California 90064-1683 in the ordinary course of business.

17          I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.
18
            Executed on June 30, 2011, at Los Angeles, California.
19

20                                                              _____
21                                                                     Eirlys McKenzie
22

23

24

25

26

27

28
      Mitchell
      Silberberg &
      Knupp LLP

      3904638.1

      _____
                  ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT 1-0055

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## SACV11- 980 AG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THAIS LOGAN, Individually and on Behalf of Other Members of the Public Similarly Situated

**DEFENDANTS**
COMMAND SECURITY CORPORATION, doing business as CSC SECURITY SERVICES, and DOES 1-10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

James R. Hawkins, SBN 192925, and Gregory Mauro, SBN 222239
James R. Hawkins, APLC
9880 Research Drive, Suite 200, Irvine, CA 92618; Phone 949.387.7200

Attorneys (If Known)

Steven M. Schneider, SBN 058241
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064; Phone 310.312.2000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, and 1453; Class Action Fairness Act -- More than $5,000,000 Claimed and More Than 100 Persons in Alleged Class

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/Other | ☑ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV11-00980**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange or Los Angeles County, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York State - state of incorporation and state of principal place of business |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _Sh M. Sh_          Date June 30, 2011

· Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |